**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GERARDO HUMBERTO BENNETT BALOY,**<br><br>Petitioner,<br><br>*v.*<br><br>**WARDEN, PHILADELPHIA FEDERAL DETENTION CENTER, *et al.*,**<br><br>Respondents. | **CIVIL ACTION**<br><br>**NO. 26-7398-KSM** |

**ORDER**

**AND NOW**, this 9th day of October, 2026, upon consideration of Gerardo Humberto Bennett Baloy's Petition for Writ of Habeas Corpus (Doc. No. 1), this Court finds as follows:

1. Petitioner is a citizen of Ecuador who entered the United States without inspection on or about December 25, 2022, near Eagle Pass, Texas. (Doc. No. 10-6 at 2.) At some time after entering the United States, Petitioner was apprehended and detained by United States Customs and Border Protection. On December 26, 2022, he was released from custody on parole under 8 C.F.R. § 212.5(b)(5). (Doc. No. 10-7 at 3.)

2. On September 21, 2026, while he was attending a routine check-in with the United States Immigration and Customs Enforcement ("ICE") in Philadelphia, ICE agents served Petitioner for the first time with a Notice to Appear ("NTA") in Immigration Court by the United States Department of Homeland Security ("DHS") and detained him pursuant to an arrest warrant issued that same day. (*See* Doc. No. 10-1; Doc. No. 10-3; Doc. No. 10-8.) At the same time, an ICE agent with badge number 7018 and title "SDDO"[1] determined that Petitioner would

[1] The Court understands this to stand for "Supervisory Detention and Deportation Officer".

be detained "pending a final administrative determination in [his] case" (Doc. No. 10-4 at 2.) Following this arrest, ICE agents transported Petitioner to the Federal Detention Center ("FDC") where he remains.[2]

3. After his arrest, Petitioner requested review of ICE's custody determination by an immigration judge, as reflected on his Form I-286. (Doc. No. 10-4 at 2 ("I **do** request an immigration judge review of this custody determination.") (emphasis in original)). A custody redetermination hearing is scheduled for October 13, 2026, at 1:30 p.m. before the Immigration Court in Elizabeth, New Jersey. (Doc. No. 10-5.)

4. On September 25, 2026, Petitioner filed the instant Petition, in which he argues that habeas relief is warranted because his continued detention is in violation of the Immigration and Nationality Act ("INA") and the due process clause of the Fifth Amendment.[3] (*See generally* Doc. No. 1.) The Government opposes the Petition, arguing that the Court should deny habeas relief because Petitioner is lawfully detained under 8 U.S.C. 1226(a) and has not exhausted his administrative remedies, and his due process claims fail under the *Mathews v. Eldridge* test. (*See generally* Doc. No. 10.) Petitioner filed a Reply which argues that the Government has not

---

[2] Upon receipt and review of the Petition on September 25, 2026, this Court issued an Order enjoining Respondents from moving Petitioner from the Eastern District of Pennsylvania pending the outcome of this action.

[3] Petitioner also argues habeas relief is warranted because ICE did not serve him with an NTA before arrest and "did not obtain or present a warrant authorizing it," in violation of the Fourth Amendment and 8 U.S.C. § 1357(a)(2). (Doc. No. 1 at 5.) In response, the Government produced an NTA dated September 21, 2026 that was signed by Petitioner that same day recognizing he was served with the notice "in person" (Doc. No. 10-1 at 4); a warrant for Petitioner's arrest issued on September 21, 2026 as shown on a Form I-200 (Doc. No. 10-3); and a declaration by a Deportation Officer, who declared under penalty of perjury that he prepared the NTA and warrant before presenting the same to Petitioner. (Doc. No. 10-8.) Under 28 U.S.C. § 2241, the Court has authority to grant a writ of habeas corpus to a petitioner whose *custody* is in violation of the Constitution or laws or treaties of the United States. In considering the instant petition, the Court finds Petitioner has not made a sufficient showing that his arrest and custody is constitutionally or statutorily defective. *See, e.g., Par v. Jamison*, No. 26cv3504, 2026 WL 1603299, *4 (E.D. Pa. June 4, 2026) (finding petitioner was not entitled to habeas relief based on a purported defect in the arrest where the petitioner's then present detention was lawful).

provided him with "individualized decision-making and meaningful process" as required by 8 U.S.C.§ 1226(a)'s implementing regulations and the Fifth Amendment. (Doc. No. 11.)

5. Here, Petitioner carries the burden of showing his detention violates the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941). Petitioner has not met that burden.

6. The Court finds that it is undisputed that Petitioner was—and remains currently—detained under Section 236 of the INA, 8 U.S.C. § 1226(a). (*See* Doc. No. 10-4 at 2 (stating Petitioner was being detained "[p]ursuant to the authority contained in Section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations"); Doc. No. 10 at 3 (conceding that "DHS and Immigration Customs Enforcement (ICE) . . . arrest[ed] and detain[ed] Petitioner under 8 U.S.C. § 1226(a)").) Section 1226(a) permits ICE to, pursuant to a warrant issued by the Attorney General, "arrest[ ] and detain[ ] [an alien] pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). This provision and its implementing regulations also provide a two-step administrative process by which an alien may request review of a custody determination: (1) the detained noncitizen may request a bond redetermination hearing before an immigration judge; and (2) the noncitizen may appeal the immigration judge's bond decision to the Board of Immigration Appeals. *Ubaid v. Jamison*, No. 26cv2681, 2026 WL 1346670, at *3 (E.D. Pa. May 14, 2026) (citing 8 C.F.R. § 236.1(d)).[4]

7. "In general, [a petitioner] must exhaust administrative remedies before proceeding on a habeas petition brought under § 2241." *Ubaid*, 2026 WL 1346670, at *3 (quoting *Pinet v.*

---

[4] In relevant part, Section 236.1(d)(1), (3) states: "(1) *Application to immigration judge.* After an initial custody determination by the district director, including the setting of a bond, the respondent may, at any time before an order under 8 CFR part 240 becomes final, request amelioration of the conditions under which he or she may be released. . . . (3) ***Appeal to the Board of Immigration Appeals.*** An appeal relating to bond and custody determinations may be filed to the Board of Immigration Appeals . . . ." (emphasis in original).

*Holt*, 316 F. App'x 169, 171 (3d Cir. 2009)). "Although there is no statutory exhaustion requirement attached to § 2241, [courts] have consistently applied an exhaustion requirement to claims brought under § 2241." *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). The exhaustion doctrine is justified by three policy concerns: (1) "deference to Congress' decision, embodied in statute, that an independent administrative tribunal, and not the courts, should serve as the initial forum for dispute resolution"; (2) "respect for administrative autonomy by forbidding unnecessary judicial interruption of the administrative process"; and (3) "foster[ing] judicial economy both by permitting the administrative tribunal to vindicate a complaining party's rights in the course of its proceedings, thereby obviating judicial intervention, and by encouraging the tribunal to make findings of fact on which courts can later rely in their decisionmaking." *Republic Indus., Inc. v. Cent. Pa. Teamsters Pension Fund*, 693 F.2d 290, 293 (3d Cir. 1982).

8. There are limited exceptions to exhaustion. "Exhaustion is not required if administrative remedies would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable injury." *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988). The Third Circuit Court of Appeals has "ruled that these exceptions apply only in extraordinary circumstances." *Republic Indus., Inc.*, 693 F.2d at 294 (cleaned up).

9. Petitioner argues that exhaustion should be excused because Respondents have not provided an individualized custody determination. (Doc. No. 1 at 12–13.) We disagree. Petitioner's failure to grapple with the Notice of Custody Determination supplied by the Government dooms his request to excuse exhaustion. (*See* Doc. No. 10-4.) While Petitioner claims there must be a sufficiently individualized process prior to detention, he points to no

section of either Section 1226(a) or its implementing regulations that require more than what the Government did here.[5] (*See* Doc. No. 11.)

10. Even though Petitioner has spent the last four years out of custody on his own recognizance, Section 1226(a)'s implementing regulations expressly authorize immigration officials to, as they did here, revoke a prior release and return a noncitizen to custody. *See* 8 C.F.R. § 236.1(c)(9). So, based upon the evidence before the Court, it is not at all clear that ICE failed to follow either Section 1226(a) or its implementing regulations when arresting and detaining Petitioner. *Cf. Lyons*, 840 F.2d at 205 (allowing exhaustion to be excused when agency "clearly and unambiguously violate[s] statutory or constitutional rights").[6]

For these reasons, the Court finds that Petitioner has failed to exhaust his available administrative remedies, and therefore, the Petition (Doc. No. 1) is **DENIED**. This Court's

---

[5] Here, the Government has exercised its discretion under Section 1226(a) to detain Petitioner. Petitioner has a scheduled bond hearing for October 13, 2026, at which he will be able to challenge that initial custody determination and put on evidence regarding his risk of flight and danger to the community. As such, Petitioner is receiving the statutory and constitutional process he is due. *See Demore v. Kim*, 538 U.S. 510, 531 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process.").

[6] Further, to the extent Petitioner claims his due process rights have been violated and thus exhaustion should be excused (*see* Doc. No. 1 at 10–11; Doc. No. 11 at 3–4), this argument also fails. *First*, there is minimal evidence that Petitioner's substantive due process rights have been violated, as it is clear from the record that Petitioner was detained pursuant to the Government's statutory authority after the issuance of an arrest warrant and that the Government will provide him with a bond hearing. (*See* Doc. No. 10-3; 10-5). *Second*, as to procedural due process, under the three-factor balancing test set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), there are competing considerations, which make it far from unambiguous that there has been a constitutional violation here. *See Lyons*, 840 F.2d at 205. To the extent there may have been a constitutional violation, any such determination is better left for an administrative tribunal to consider prior to any action from this Court. Especially as requiring exhaustion is "particularly important in the resolution of cases involving constitutional issues." *Republic Indus., Inc.*, 693 F.2d at 293 ("If the administrative tribunal decides a case on nonconstitutional grounds, the court may find it unnecessary to proceed with constitutional adjudication. In this way, exhaustion furthers the concept of judicial restraint.").

September 25, 2026 no-transfer order is **VACATED** so that Mr. Baloy may proceed with the available administrative process. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED.**

/s/*Karen Spencer Marston*

________________________________

KAREN SPENCER MARSTON, J.